## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**NUCLETRON CORPORATION, USA,**

        **Plaintiff,**

**v.**                              **Case No.  8:04-cv-2628-T-30TBM**

**ALPHA-OMEGA SERVICES, INC;**
**JAMES A. WILSON,**

        **Defendants.**

_____/

## O R D E R

THIS MATTER is before the court on the following motions:

    (1)    **Defendants' Motion for Protective Order and Incorporated Memorandum of Law** (Doc. 44) and Plaintiff's response in opposition (Doc. 49);

    (2)    **Plaintiff's Emergency Motion to Compel and for Sanctions** (Doc. 52), memorandum in support (Doc. 53), and Defendants' response (Doc. 58); and

    (3)    **AOS' Motion for Sanctions and Incorporated Memorandum of Law Regarding Plaintiff's "Emergency" Motion.** (Doc. 59).[1]

A hearing on the motions was conducted on March 16, 2006.  For reasons more thoroughly addressed at the hearing, the court enters the following orders.

_____

    [1]Also pending before the court is **Defendant's Motion to File Under Seal (Document N6925 - N6934)** (Doc. 60).  Upon consideration, the motion is **GRANTED**.  The motion shall remain in the public file, but the attached document shall be filed under seal until otherwise ordered by the court.

As a threshold matter, it is apparent the confidentiality provisions set forth in the parties Case Management Report (Doc. 13) are inadequate to the needs of the case and in fact are impeding discovery.[2]  Accordingly, the parties are directed to confer and agree upon a confidentiality agreement to govern the use of confidential and proprietary information during the course of this litigation and after the resolution of this litigation.  Such stipulation shall be filed within <u>twenty (20) days</u> from the date of this Order.  Henceforth, all parties shall provide privilege logs consistent with the provisions of Rule 26(b)(5) of the Federal Rules of Civil Procedure.  If discovery  has been withheld to date on a claim of privilege but has not been disclosed, counsel shall promptly prepare a privilege log for service on opposing counsel.

By their motion for a protective order (Doc. 44), Defendants seek a protective order preventing the discovery of two categories of information: (1) Defendant Alpha-Omega

---

[2]There the parties stipulate to the following:

> The parties have no specific recommendations or agreements at this time on these issues except as to the following regarding the confidentiality of documents produced during the litigation of this matter.  The parties agree to treat all produced documents as confidential, to be viewed only by the parties, their attorneys, experts and other persons directly involved with the preparation of the prosecution or defense of this matter.  If there are documents a party considers so sensitive that it wishes to designate them as "For Attorney Eyes Only," then such designation shall be made in writing before the production of the documents and the receiving attorney, as a condition of the receipt of such documents, will agree to the requested confidentiality parameters.  Nothing herein prevents any party from challenging, upon motion, the confidential nature of any document received and the producing party will bear the burden of establishing the confidentiality of such document.  Documents produced will be copied with an appropriate confidential overlay to alert anyone reviewing the documents of the documents' confidential nature.

(Doc. 13 at ¶ 5)

Services, Inc.'s (hereinafter "AOS") trade secrets and other research, development, and commercial information relating to AOS's replacement radioactive source for the Nucletron HDR machine, including information regarding its design, independent subcontractors, suppliers, and distributors; and (2) trade secrets and other research, development, and commercial information relating to the research, development, manufacture, and marketing of competing HDR and brachytherapy machines by non-parties who do business with AOS. As grounds, Defendants argue that such information is privileged and is sought by Plaintiff for anti-competitive purposes. Additionally, Defendants argue that the third-party information is sought to damage the third-party competitors' trade secrets and other confidential business information and their business. relationships with AOS. As averred in the Declaration of Patricia Winters (Doc. 44-2), Plaintiff sought such information during Dave Erwin's deposition, interrogatory number 21, and document request number 11.

In response, Plaintiff argues that Defendants have failed to meet their burden of proving the information sought is protected trade secret information and that such information is relevant to the claims raised in its Third Amended Complaint (Doc. 48) and its defenses to AOS's counterclaim (Docs. 50; 12-2). Thus, in response, Plaintiff seeks an order providing guidance as to the appropriate scope of the parties' confidentiality stipulation contained in their Case Management Report, compelling Defendants to respond to all outstanding discovery of such matters, removing the "For Attorney Eyes Only" designation of documents, and/or conducting an *in camera* review of disputed documents.

Subsequently, Plaintiff filed an emergency motion to compel (Doc. 52) concerning the depositions of Dave Erwin and Cary Hedger that were conducted in California on January 19, 2006, and March 2, 2006. By its motion, Plaintiff complains that defense counsel

3

inappropriately instructed the deponents not to answer relevant questions concerning

Defendant's business activities or testify about relevant documents and then, in the case of

Mr. Hedger, terminated the depositions.  Plaintiffs seek an Order compelling full and

complete responses to outstanding discovery, compelling the continuation of these

depositions, awarding attorney's fees and costs associated with the depositions, and

compelling the depositions of Troy Hedger and Jim Wilson.[3]

In response (Doc. 58), Defendants reassert their arguments that the discovery sought

by Plaintiff is irrelevant and intended to gain an anti-competitive advantage.  Additionally,

AOS seeks sanctions (Doc. 59) for Plaintiff's improper designation of its motion to compel as

an "emergency."

Initially, because I find that there was some urgency for seeking the court's

intervention in the discovery disputes, AOS' Motion for Sanctions and Incorporated

Memorandum of Law Regarding Plaintiff's "Emergency" Motion (Doc. 59) is **DENIED**.

For the reasons set forth below, AOS's motion for protective order (Doc. 44) and

Plaintiff's emergency motion (Doc. 52) are **GRANTED in part**.  The proper scope of

discovery in this case as in all civil cases is as set forth in Rule 26:

> Parties may obtain discovery regarding any matter, not
> privileged, that is relevant to the claim or defense of any
> party, . . . for good cause, the court may order discovery for
> any matter relevant to the subject matter involved in the
> action.  Relevant information need not be admissible at the
> trial if the discovery appears reasonably calculated to lead to
> the discovery of admissible evidence. . . .

---

[3]Mr. Wilson has now been deposed.  By agreement, the deposition of Troy Hedger, scheduled for March 17, 2006, will be rescheduled after the confidentiality stipulation is filed.

4

Fed. R. Civ. P. 26(b)(1).

In its Third Amended Complaint, Plaintiff asserts a number of Lanham Act violations in the nature of trademark infringement, false designation of origin, false advertising, and unfair competition.  Additionally, it claims injury to the business reputation, misappropriation of trade secrets, unfair and deceptive trade practices, common law trademark infringement, and common law unfair competition under Florida law.  In describing the market in which the parties compete, the Complaint states, "Thus, in the relatively small, though nationwide, market of radioactive source replacement and service of Nucletron's microSelection-HDR Classic and service of Nucletron's Simulix range of simulators, Alpha-Omega and Nucletron are direct business competitors." See Doc. 48 at ¶ 31.  In arguments, Plaintiff's counsel urged that the applicable market for discovery purposes is the entire HDR industry, including other manufacturers or distributors of such machines with whom Defendants do business and any general aftermarket.  As a consequence of this broader view, Plaintiffs have propounded a variety of discovery related to AOS's business beyond the source replacement and servicing of Nucletron's products. Thus, it has sought detailed information regarding the nature of AOS's business dealings other HDR companies and its suppliers and distributors.  Additionally, AOS complains that Plaintiffs have sought confidential and proprietary information about AOS's products including R&D, design and manufacturing information, and marketing information as well as information about its customers.

At present, the court finds that the appropriate scope of Plaintiffs discovery in this matter is more closely limited to its original description of the applicable market than it is to that urged at the hearing.  In my view, the scope is not dramatically altered by AOS's

counterclaim.  Plaintiff is fully authorized to seek information about Defendants' sales of source replacements and its servicing of Plaintiff's machines or its aftermarket sales of Plaintiff's machines as long as it is relevant to its claims and the defenses and counterclaims of the Defendants.  Such discovery may appropriately require the disclosure of sensitive business information and should be fairly liberal as it relates to AOS's business in marketing, distributing, the selling of source replacements for and servicing of Nucletron's machines, or the reconditioning and selling of such equipment in an after-market setting.  At present, AOS needs not disclose confidential or proprietary information concerning its design, development, research, or manufacture of its source replacement products, nor its supplier or subcontractors related to such.  Some inquiry into how AOS conducts its business with customers to whom it sells its replacement sources or to whom it provides service, even third party customers, is clearly appropriate.  The identity of its customers using Plaintiff's machines, and a full inquiry consistent with the claims and defenses is appropriate.

At present, I do not believe Plaintiff's discovery directed toward AOS's business activities with third party customers, such as Varian or Omnitron, should be wide ranging.  However, certainly any information related to how AOS addresses Nucletron or its marks or its customers in its dealings with these other entities, is appropriate for discovery.  Otherwise, matters such as its contracts, orders, sales records and other communications need not be disclosed absent further order of the court.  As discussed at the hearing, the court expects the parties to cooperate throughout the discovery process.  The matter of the appropriate scope of discovery may be refined as the discovery proceeds.

In depositions henceforth, no counsel shall direct a witnesses not to respond to relevant discovery merely because the disclosure will involve trade sensitive or proprietary

6

information.  In the court's view, the provisions of Rule 30(d)(1) are intended to be invoked sparingly and only in circumstances in which it is truly necessary to preserve a privilege, to enforce a limitation directed by this court, or to present a motion made necessary by the bad faith or unreasonable actions of a party or counsel during the deposition.  See Fed. R. Civ. P. 30(d)(4).  Absent conduct sufficient under Rule 30(d)(4) to warrant the cessation of a deposition or other agreement of counsel, the deposition will be completed, and thereafter, if necessary, objections shall be presented to the court through appropriate motion.

With respect to Plaintiff's request for sanctions (Doc. 52-1), the motion is **GRANTED in part**.  Plaintiff shall have the opportunity to take a second deposition of David Erwin and Carrie Hedger to address matters not covered at the original deposition or to which Defendants objected inappropriately.  At such second deposition, AOS shall arrange for the witnesses to appear in this district for depositions at its own expense or it shall pay the travel costs of one of Plaintiff's counsel to and from the depositions, including hotel, meals, and transportation.

Accordingly, it is so ordered.

**Done and Ordered** in Tampa, Florida, this 20th day of March 2006.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

Copies to:
Counsel of Record

7