**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**NUCLETRON CORPORATION, USA,**

    **Plaintiff,**

**v.**                                                                                          **Case No: 8:04-cv-02628-T-30TBM**

**ALPHA-OMEGA SERVICES, INC.,
and JAMES A. WILSON,**

    **Defendants.**
_____/

**PROTECTIVE ORDER**

    Plaintiff, Nucletron Corporation, USA, and Defendants, Alpha Omega Services, Inc., and James A. Wilson (collectively "Defendants"), are each in possession of confidential and proprietary business information and other information that pertains to individuals and entities which the parties agree should be protected from public disclosure and/or misuse. However, it appearing that the parties have been unable to agree on the terms of a confidentiality agreement and protective order to address such concerns, the Court orders and adjudges:

    1. This Order (hereinafter "Order") shall govern all documents, answers to interrogatories, answers to request for admissions, deposition testimony, and any other discovery material (collectively "discovery material") produced or provided by any party in this action, as well as discovery material produced or provided by non-parties to this action who make similar claims of confidentiality. Documents previously produced under a claim of

confidentiality or previously designated "Confidential" and "For Attorney Eyes Only," shall be considered to be covered by this Order.

2. As used in this Order, "confidential" shall refer to any discovery material that constitutes, includes, or discloses: (a) a trade secret; (b) confidential research, development, or commercial information; or (c) confidential financial information or data.

3. As used in this Order, "documents" shall have the same meaning and scope as in Rule 34 of the Federal Rules of Civil Procedure. The terms "party" or "parties" shall include all current officers, directors, employees, agents and independent contractors or other representatives of Nucletron Corporation, USA, its related entities, and Alpha Omega Services, Inc., as well as James A. Wilson.

4. A party or non-party wishing to claim confidentiality in relation to matters produced or testified to during the litigation shall designate the matter either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" at the time of the production or testimony. Those documents that are provided under a designation of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall be so marked on the copy produced. It is sufficient to mark the first page of a multiple-page document.

5. Discovery material and testimony produced and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" under this Order shall be used only for the purpose of the prosecution, defense, or settlement of this action. No party or non-party bound by this Order shall disclose or disseminate such confidential matters or copies, abstracts, or summaries of such confidential material or testimony to another for any other purpose or in any manner contrary to this Order.

6. Discovery material and testimony designated as "CONFIDENTIAL," or copies, abstracts, or summaries of such discovery material, or information contained in or derived from such discovery material, may be disclosed only to the following persons:

(a) the attorneys of record for the parties;

(b) members or employees of the law firms of the attorneys of record for the parties who are involved with the prosecution or defense of this action;

(c) current or former directors, officers, employees, agents, independent contractors or other representatives of the parties and any non-party witnesses interviewed, deposed or called at any hearing or trial, provided, however, that any such individual not then employed by one of the parties shall certify in writing on a form agreed to by the parties that the individual agrees by executing the form that such discovery material shall be used solely for the purpose of this action and not disclosed to any other person and that the individual shall comply with and be bound by this Order;

(d) experts who are employed or retained by any of the parties or their counsel for assistance to counsel in this action, but only if the expert certifies in writing, in a form agreed to by the parties, that such discovery material shall be used solely for the purpose of this action and not disclosed to any other person and that the expert shall comply with and be bound by this Order;

(e) the Court; and

(f) court reporters and videographers as necessary during depositions.

7. Discovery material or testimony designated as "HIGHLY CONFIDENTIAL," or copies, abstracts, or summaries of such discovery material, or information contained in or derived from such discovery material, may be disclosed only to the individuals described in paragraph 6(a), (b), (d), (e), and (f).

8. If a party objects to the designation of any discovery material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," the parties shall attempt to resolve the dispute without judicial intervention within fifteen (15) days following written notice of the objection. If a resolution cannot be reached, either party may request review by the Court of whether the disputed discovery material should be subject to treatment as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" under the terms of this Order. If the Court determines that it will review the dispute, the Court may conduct an *in camera* review of the discovery material submitted and determine whether the designation should be modified in any respect. The disputed discovery material shall remain confidential and subject to the terms of this Order unless and until the Court rules otherwise.

9. Where confidential discovery material is necessary for use during any deposition, the deponent shall be advised on the record at the deposition that, pursuant to this Order, the deponent may use confidential discovery material disclosed to them solely for the purpose of this action and no other, and that such deponent may not disclose such confidential discovery material to any other person contrary to the provisions of this Order. Non-party deponents shall be required to certify their agreement to the same and to comply with, and be bound by, this Order in writing on a form agreed to by the parties or by statement made on the record at a deposition.

10. Each court reporter participating in any deposition shall be informed of and provided with a copy of this Order and shall agree to adhere to the provisions of this Order and to secure the like agreement of any other person participating in the preparation of any transcript of the deposition.

11. Nothing in this Order shall be deemed to preclude any party or non-party from seeking, upon an appropriate showing, lesser or greater protection with respect to the confidentiality of any discovery material.

12. At any time after any information, document, or deposition testimony is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" under this Order, the designating party or person may agree to lift such designation or that such information, document, or deposition testimony may be disclosed to other specified persons. Any such agreement or waiver must be in writing or by statement made on the record at a deposition.

13. Nothing in this Order shall be construed as an admission of any party that any discovery material would be admissible in evidence in this proceeding or in any other proceeding.

14. Nothing in this Order shall limit, or be construed to limit, the use that a party or non-party may make of its own confidential information produced as discovery material under a designation of "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL."

15. The use of material designated "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL" before the Court shall be governed by the orders and rules of the Court. As a general rule, this Court does not allow the automatic filing of documents under seal. In accordance with the practice of the Middle District of Florida, when a party seeks to file a document under seal, the Court shall determine the matter upon motion by the party. See, e.g., United States v. Baez-Alcaino, 718 F. Supp. 1503 (M.D. Fla. 1989). The party shall file the motion electronically and submit a hard copy of the document under seal with the Clerk, which shall be identified as an attachment to the motion. If the accompanying motion is

granted, the document shall remain under seal; if the motion is denied, the Clerk shall scan and docket such electronically as an attachment to the motion to seal.

16. After the conclusion of this action and unless the parties agree otherwise, each party shall:

> (a) assemble and make available for return to the disclosing party or non-party, or, if agreed to by the parties or non-parties, destroy all confidential discovery material received from the disclosing party or non-party, and all copies, abstracts, or summaries of such confidential discovery material; and
>
> (b) certify in writing that the procedures set forth herein have been complied with and completed.

17. Nothing in this Order shall preclude any party from seeking to amend or modify this Order, if necessary.

18. The inadvertent production of privileged or confidential material shall not be deemed a waiver of a claim of privilege or confidentiality. If a party or non-party, through inadvertence, produces or provides discovery that it believes is subject to a claim of attorney-client privilege or work product immunity or is otherwise confidential, the producing party may give written notice to the receiving party or parties that the information or material is subject to such claim and request that the information or material be returned to the producing party. Unless the claim of privilege or confidentiality is disputed, the receiving party or parties shall promptly return to the producing party such information or material. If the claim of privilege or confidentiality is disputed by the receiving party in writing, the party claiming privilege may timely bring a motion before the Court to resolve the dispute.

19. A violation of the terms of this Order may be regarded as contempt of court and punishable accordingly.  By acknowledging receipt of a copy of this Order, any person subject to its terms shall be deemed to have consented to jurisdiction of the United States District Court of the Middle District of Florida for the purpose of contempt proceedings or other proceedings related to its enforcement.

20. The Court retains jurisdiction to make such amendments, modifications, and additions to this Order as the Court may from time to time deem appropriate, as well as over matters related to the enforcement of its provisions, and to resolve any disputes about the disposition of confidential discovery material at the conclusion of this action.

21. Counsel shall promptly provide their respective clients with copies of this Order and take all appropriate steps to assure that its provisions are complied with.

**Done and Ordered** in Tampa, Florida, this 18th day of April 2006.

_____
THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

Copies to:
Counsel of Record