**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**NUCLETRON CORPORATION, USA,**

    **Plaintiff,**

**v.**　　　　　　　　　　　　　　　　　　　　　　　　**Case No.  8:04-cv-2628-T-30TBM**

**ALPHA-OMEGA SERVICES, INC,**
**and JAMES A. WILSON,**

    **Defendants.**
                                     /

**O R D E R**

THIS MATTER is before the court on **Defendants' Motion to Compel Deposition and Incorporated Memorandum of Law and Request for Oral Argument** (Doc. 56) and Plaintiff's response in opposition (Doc. 64).  By this motion, Defendants complain of Plaintiff's designation of Jack Coats in response to a notice of a Rule 30(b)(6) deposition conducted on January 11, 2006.  By Defendants' motion, the witness was uninformed and unprepared to testify on the topics designated in the notice.  Defendants seek an Order requiring Plaintiff to identify another witness better suited to testify on the designated subjects.  They also seek fees and costs related to the January 11, 2006, deposition.  In response, Plaintiff notes that the motion does not contain a designation pursuant to Local Rule 3.01(g), and it urges that the matter could have been resolved without the necessity of a motion had Defendants' counsel conferred in accordance with the rule.  Plaintiff indicates that it is amenable to designating another individual to respond to the subpoena and to producing such person on a mutually agreeable date in April 2006 at Tampa, Florida.

Plaintiff is correct that the motion fails to contain a Rule 3.01(g) certification; however, a review of the communications contained in the attachments to the pleadings reflects that counsel for the Defendants made a good faith effort to engage Plaintiff in discussions related to this deposition and the re-designation of a witness to complete the deposition prior to filing the motion.  In this instance, the efforts made by Defendants' counsel were sufficient to satisfy the spirit of the rule and the motion will not be denied on this ground.  As for the merits of the motion, the court has reviewed the entirety of Mr. Coats's deposition.  While it is correct that there are areas arguably within the designated topics about which the witness was unfamiliar or unprepared, on the whole, the deposition was reasonably informative.  It is, however, necessary for Plaintiff to designate a follow-up witness to complete this deposition and the court will so order.

Accordingly, **Defendants' Motion to Compel Deposition and Incorporated Memorandum of Law and Request for Oral Argument** (Doc. 56) is GRANTED in part. Within thirty (30) days of the date of this Order, Plaintiff shall designate another witness to respond to this 30(b)(6) notice.  Such deposition shall take place at a mutually convenient location and the costs associated with the witness's appearance shall be born entirely by the Plaintiff.  To the extent that Defendants seek costs and fees in relation to the original deposition, the motion is appropriately DENIED.  However, because Defendant made a reasonable effort to resolve this dispute without the necessity of a motion, they are awarded

reasonable fees in relation to the preparation of this motion to compel.[1]  In all other respects, the motion is DENIED.

**Done and Ordered** in Tampa, Florida, this 18th day of April 2006.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

Copies to:
Counsel of Record

---

[1] Within ten (10) days of the date of this Order, counsel shall submit an affidavit setting forth an itemization of time expended on the motion and the hourly rate requested.

3