**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**NUCLETRON CORPORATION, USA,**

    **Plaintiff,**

**v.**                                                                   **Case No.  8:04-cv-2628-T-30TBM**

**ALPHA-OMEGA SERVICES, INC.,**
**and JAMES A. WILSON,**

    **Defendants.**
    _____/

**O R D E R**

THIS MATTER is before the court on Defendants' **Notice of Emergency Motion to Quash and/or for Protective Order; and for Sanctions** (Doc. 68) and Plaintiff's response in opposition (Doc. 70).  By the motion, Defendants seek to quash 27 subpoenas duces tecum without deposition issued by Plaintiff to Defendants' customers.  As grounds, Defendants maintain that Plaintiff did not provide prior notice of the subpoenas as required by Fed. R. Civ. P. 45(b)(1) and that the subpoenas are overly broad and unduly burdensome and were issued solely for purposes of harassment.  In response, Plaintiff asserts that the issuance of the subpoenas was provided timely and that the subpoenas appropriately seek documents related to its claims that Defendants infringed on its intellectual property rights.

Upon consideration, the motion (Doc. 68) is GRANTED in part and DENIED in part.  To the extent Defendants' emergency motion seeks to quash the subpoenas duces tecum, it is DENIED.  It appears correct that Plaintiff notified Defendants of the subpoenas at least contemporaneously with the issuance of the subpoenas and in sufficient time to allow for

their objections.  Further, on the whole, the discovery Plaintiff seeks is reasonably related to Plaintiff's claims in this litigation.  The motion is GRANTED in part under the authority of Fed. R. Civ. P. 26(c).  The court hereby strikes as irrelevant, overly broad or unduly burdensome the following categories of documents identified by the Plaintiff:  8, 11-13, 15-16, 20, and 23.  The time for production of any remaining category of documents under the subpoenas is extended twenty (20) days from the date of this Order.  All costs reasonably incurred by the non-parties in researching, copying, and producing documents responsive to the various categories shall be borne in each instance by the Plaintiff.  Since the focus of the Plaintiff's claims relate to the conduct and representations by the Defendants allegedly infringing on Plaintiff's intellectual property rights, no non-party need produce documents reflecting on its own internal business operations, or revealing confidential or proprietary business information.  A non-party may designate any document produced "Confidential," in which event the document shall be covered under the Protective Order granted by the Court.

Counsel for Plaintiff shall promptly transmit a copy of this Order to each of the recipients of its subpoenas.

**Done and Ordered** at Tampa, Florida this 18th day of April 2006.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

Copies to:
Counsel of Record