**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**NUCLETRON CORPORATION, USA,**

 **Plaintiff,**

v.                Case No.  8:04-cv-2628-T-30TBM

**ALPHA-OMEGA SERVICES, INC.,
and JAMES A. WILSON,**

 **Defendants.**
_____/

**AMENDED ORDER**[1]

THIS MATTER is before the court on **Alpha-Omega Services, Inc.'s & James A. Wilson's Emergency Motion for Extension of Time or, Alternatively, Motion to Amend and Withdraw Deemed Admissions** (Doc. 82).  By their motion, Defendants seek an Order granting them an extension of time to June 23, 2006, to respond to two sets of Plaintiff's Requests for Admissions served on or about May 10, 2006.  As grounds, Defendants cite to confusion concerning service, counsel's mis-calendaring the date of service, lack of actual service on lead counsel, and confusion regarding documents referenced in the requests.  Plaintiff filed a response in opposition (Doc. 87), arguing that the defense counsel's inaction, including the failure to ask for an extension until the after the date the Admissions were due and the mis-calendaring of the due date, constitutes garden-variety negligence or willful delay

---

[1]Previously, this court entered an Order (Doc. 86) granting nunc pro tunc Defendants' motion as unopposed.  However, Plaintiff filed their response later the same day.  Thus, the preceding Order is amended by this Order.

rather than excusable neglect.  Plaintiff further argues that allowing the Defendants to amend their responses would cause it prejudice in light of upcoming depositions of key witnesses.

Previously, the parties filed a joint motion for an extension of discovery deadlines for the purpose of engaging in settlement negotiations and exploring a possible business relationship between them.  The parties requested a three-month stay of litigation and a three-month extension of the discovery deadline and continuance of trial.  However, notwithstanding this request, the parties agreed that the depositions of Cary Hedger and Troy Hedger would go forward and that the ruling on the instant motion could be entered.  The court granted this joint motion by endorsed Order.  See (Doc. 84).

Pursuant to Rule 36(a) of the Federal Rules of Civil Procedure, a matter for which an admission is  requested is deemed admitted unless a written answer or objection is made within thirty days after the service of the request, or "within such shorter or longer time as the court may allow."  Fed. R. Civ. P. 36(a).  Moreover,

> Any matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission. . . . the court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining the action or defense on the merits.

Fed. R. Civ. P. 36(b).  Based on this language, the Eleventh Circuit has held that the district court must apply a two-part test in deciding whether to allow the withdrawal or amendment admissions: (1) the court must consider whether the withdrawal or amendment will subserve the presentation of the merits, and (2) the court must determine whether the withdrawal or amendment will prejudice the party who obtained the admissions in its presentation of the

2

case. <u>Perez v. Miami-Dade County</u>, 297 F.3d 1255, 1264 (11th Cir. 2002) (citing <u>Smith v. First Nat'l Bank</u>, 837 F.2d 1575, 1577 (11th Cir. 1988)). Although the rule grants the district court the discretion to grant or deny a motion to withdraw admissions, it specifies exactly how that discretion is to be exercised. <u>Perez</u>, 297 F.3d at 1265. The court abuses its discretion under this rule in denying a motion to withdraw admissions when it applies some other criterion beyond the two-part test, including the adequacy of a party's reasons for its belated responses. <u>See</u> <u>id.</u> at 1266.

    Here, as demonstrated by the exhibits to Plaintiff's responsive pleading, Defendants faxed a copy of their responses and mailed the originals on or about June 20, 2006, approximately a week and a half after they were due, on the same day that the instant motion was filed, and approximately ten days prior to the parties' filing of the emergency motion to extend time for discovery deadlines, stay litigation, and continue the trial (Doc. 83).[2] Under these circumstances and considering the extension of the discovery deadline, the court finds no prejudice to the Plaintiff in allowing the Defendants to withdraw the deemed admissions and serve their responses belatedly. While the Plaintiff contends that the delayed responses will prejudice its ability to ask meaningful questions during the depositions of the two principals of Defendant Alpha-Omega currently scheduled for next week, it has not shown why a delay in receiving responses will hinder their ability to take the depositions any more so than receiving no responses at all. Moreover, the extension of the discovery deadline affords

---

[2]On this motion, the court does not scrutinize the adequacy of each individual response or the appropriateness of general objections asserted.

the parties to reschedule the depositions if necessary for the Plaintiff to consider the belated responses in preparation for the depositions.

Although Plaintiffs argue that there is "no need to examine the first prong," the court further finds that allowing the Defendants to withdraw the deemed admissions and serve their responses belatedly will subserve the presentation of the merits.

Accordingly, it is **ORDERED** that Defendants' motion for an extension of time (Doc. 82) is **GRANTED** *nunc pro tunc*.

**Done and Ordered** in Tampa, Florida, this 13th day of July 2006.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

Copies to:
Counsel of Record